LNE

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

*Lauren L. Rosenberg*
*Special Assistant United States Attorney*
*Lauren.Rosenberg2@usdoj.gov*

*Mailing Address:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*Office Location:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*DIRECT: 410-209-4843*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

FILED ENTERED
LOGGED RECEIVED

APR 30 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DG DEPUTY

March 18, 2026

Courtney Francik, Esquire
Shari Derrow, Esquire
Assistant Public Defender
100 S. Charles Street
Tower II, 9th Floor
Baltimore, MD 21201

**Re:** ***United States of America v. Antoine McDonald***
**Criminal Case No. JKB-26-08**

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (the "Agreement") that has been offered to your client, **Antoine McDonald** (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. **If this offer has not been accepted by April 8, 2026, it will be deemed withdrawn**. The terms of the Agreement are as follows:

## Offenses of Conviction

1. The Defendant agrees to plead guilty to Counts Two and Three of the Indictment, which charge him with possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl and cocaine base, in violation 21 U.S.C. § 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

## Elements of the Offenses

2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the time alleged in the Indictment, in the District of Maryland:

**a. Count Two: Possession with Intent to Distribute Controlled Substances**

a. the Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of cocaine base and fentanyl, both schedule II-controlled substances; and

b. the Defendant possessed the cocaine base and fentanyl with the intent to distribute it.

**b. Count Three: Possession of Firearms in Furtherance of a Drug Trafficking Crime**

I. the Defendant committed a drug trafficking crime as charged in Count Two of the Indictment; and

II. the Defendant knowingly possessed a firearm in furtherance of that crime.

**Penalties**

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 2 | 21 U.S.C. § 841(b)(1)(C) | N/A | 20 years | 3 years Minimum<br><br>Life Maximum | $1 million | $100 |
| 3 | 18 U.S.C. § 924(c) | 5 years (consecutive to any other sentence) | Life | 5 years Maximum | $250,000 | $100 |

a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant

returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offenses, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The

jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not

relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

**Advisory Sentencing Guidelines Apply**

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

**Factual and Advisory Guidelines Stipulation**

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in **Attachment A**, which is incorporated by reference herein.

a. **Count Two**:

I. This Office and the Defendant agree the applicable base offense level is **12** because the Defendant possessed with intent to distribute controlled substances of a converted drug weight of at least 5KG but less than 10KG under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(14).

II. This Office and the Defendant **disagree** on whether there is a **decrease** in the base offense level pursuant to U.S.S.G. § 3B1.2. The Government believes the adjustment does not apply. The Defendant believes the adjustment applies, specifically under U.S.S.G. §2D1.1(e)(2)(B)(ii).

III. This Office and the Defendant **disagree** on whether the Defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1(a) and (b)(3). The parties are free to argue this dispute at sentencing.

b. **Count Three**:

I. This Office and the Defendant agree the applicable minimum sentence for Count Three is **60 months**, consecutive to any other sentence, pursuant to U.S.S.G. §2K2.4(b) and 18 U.S.C. § 924(c)(1)(A)(i).

II. This Office and the Defendant **disagree** whether the applicable guideline range for Count Three is **360 months to life** pursuant to U.S.S.G. § 2K2.4(c) and 4B1.1(c). The Government believes the Defendant is a Career Offender and this is the correct guideline range. The parties are free to argue this dispute at sentencing.

c. **Grouping**:

I. This Office and the Defendant agree Counts Two and Three do not Group pursuant to U.S.S.G. § 3D1.1(b)(1).

7. This Office does not oppose a **2-level** reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1-level** decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

8. There is no agreement as to the Defendant's criminal history category, and the Defendant understands that the Defendant's criminal history category could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a Career Offender or if the instant offenses were part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

a. Based on the foregoing, dependent on the resolution of the disputed guideline issues, the Government believes the anticipated adjusted offense level for Count Two is **29** and the anticipated sentencing guidelines range for Count Two is **151-188 months**.

b. Based on the foregoing, the Government believes the anticipated final sentencing guidelines range for Count Three is **262-327 months**, with a **minimum sentence of five (5) years, to run consecutively** to Count Two.

9. Other than as set forth above, no other offense characteristics sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

10. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.

a. Notwithstanding the advisory guidelines, the Government agrees it will recommend an aggregate sentence including a term of imprisonment no more than **200 months** of imprisonment. The Government may recommend any lawful period of supervised release and/or fines.

b. The Defense agrees it will recommend a sentence no less than the **60-month minimum** period of imprisonment. The Defense may recommend any lawful period of supervised release and/or fines.

11. At the time of sentencing, this office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

a. The Defendant reserves the right to appeal any sentence of imprisonment exceeding **200 months** of imprisonment;

b. This Office reserves the right to appeal any sentence below **60 months** of imprisonment.

c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

**Forfeiture**

13. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's Sentence, and that the Order of Forfeiture may include assets directly traceable to the offenses, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

14. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

**a. a Sig Sauer P365 9mm handgun, bearing serial number 66G303179; and**

**b. approximately eight (8) rounds of 9mm ammunition.**

15. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

16. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

17. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable,

statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

**Defendant's Conduct Prior to Sentencing and Breach**

18. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

19. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

**Court Not a Party**

20. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding

prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

**Entire Agreement**

21. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

Lauren L. Rosenberg
Special Assistant United States Attorney

USA v. Antoine McDonald
JKB-26-00008
Plea Letter

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/25/26
Date

Antoine McDonald
Defendant

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

3/25/26
Date

Courtney D. Francik, Esq.
Counsel for the Defendant

USA v. Antoine McDonald
JKB-26-00008
Plea Letter

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On September 29, 2025, at approximately 2:12 pm, Baltimore City Police Department officers were conducting proactive patrol in the 3800 block of Harlem Avenue in Baltimore, Maryland. This area is known to officers as a prolific open-air drug market and an area plagued with violent crime. Upon entering the block, detectives observed Defendant Antoine McDonald (the "Defendant") look in their direction then walk away, picking up a cardboard box and using it to cover his waistband area. Detectives Klein and Healey exited their patrol vehicle and engaged with the Defendant, believing he was displaying characteristics of an armed person.

Det. Healey asked the Defendant whether he was armed, which the Defendant denied and lifted his sweatshirt to show his waistband to Det. Healey. As the Defendant lifted his sweatshirt, Det. Klein could see a clear plastic bag containing a gelatin capsule inside the Defendant's front hoodie pocket. Det. Healey could also hear glass knocking against itself. Det. Healey believed this to be the sound of glass vials used for street-level distribution of controlled substances ("CDS"). The detectives then turned on their Body Worn Cameras ("BWC") and arrested the Defendant for suspected CDS offenses.

During a search of the Defendant, Det. Klein recovered the clear plastic bag from the Defendant's front hoodie pocket. The plastic bag contained thirty-two (32) gelatin capsules of fentanyl/4-ANPP mix, and a second clear plastic bag containing eleven (11) glass vials of cocaine base. Detectives also recovered a Sig Sauer P365 9mm bearing serial number 66G303179 (the "P365") from the Defendant's front waistband. The P365 contained eight (8) 9mm cartridges, including one (1) in the chamber. From the Defendant's pants pockets, detectives also recovered $140 in US currency, two (2) smartphones, a clear plastic bag containing five (5) additional vials of cocaine base, a bill covered in fentanyl/4-ANPP mix, six (6) suboxone strips, and an electronic scale.

The Defendant agrees that on September 29, 2025, he knowingly possessed approximately 3.2g of fentanyl and 1.6g of cocaine base with the intent to distribute it. The Defendant agrees that on September ~~25~~ 29, 2025, he knowingly possessed the firearm, the Sig Sauer P365 in furtherance of his drug trafficking, in that he possessed the firearm to protect – among other things – his person and the controlled substances. The Defendant agrees that the firearm and ammunition constituted proceeds of his drug trafficking activity or were used, or intended to be used, to facilitate his drug offense.

USA v. Antoine McDonald
JKB-26-00008
Plea Letter

The firearm satisfies the definition of a firearm pursuant to 18 U.S.C. § 921(a)(3)(A) as it will expel a projectile by the action of an explosive. An ATF firearms expert would testify that firearm was manufactured outside of Maryland, and therefore the firearm traveled in and affected interstate commerce.

All events occurred in the District of Maryland.

SO STIPULATED:

4/30/26
Date

Lauren L. Rosenberg, Esq.
Special Assistant United States Attorney

x 3/25/26
Date

x Antoine McDonald
Antoine McDonald
Defendant

3/25/26
Date

Courtney D. Francik
Courtney D. Francik, Esq.
Counsel for the Defendant